959 F.2d 243
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America Plaintiff-Appellee,
v.
Oscar ZULUAGA, Defendant-Appellant.
 No. 91-50260.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 3, 1992.
Decided April 1, 1992.
 
 Before ALARCON, BEEZER and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Oscar Zuluaga appeals from the sentence imposed following his plea of guilty to conspiracy to distribute cocaine in violation of 21 U.S.C. § 841. Zuluaga contends that the district court violated the requirements of 21 U.S.C. § 851(a)(1) in granting the Government's motion to continue the change of plea hearing to give it the opportunity to file a sentence-enhancement information. Zuluaga alleges that the Government did not exercise due diligence in attempting to file the information before the date set for the entry of his plea of guilty.
 
 
 3
 We affirm because we conclude that (1) the district court did not abuse its discretion in granting a postponement of the change of plea hearing, and (2) the finding that the Government acted with due diligence is not clearly erroneous.
 
 I.
 
 4
 Oscar Zuluaga was arrested on October 18, 1990. At the time, Zuluaga was on parole for a state narcotics conviction. A criminal complaint, signed by Drug Enforcement Administration (DEA) agent George P. Eliot, was filed on October 19, 1990. A notice of request for detention, signed by United States Attorney Jennifer T. Lum, was filed on the same date. Zuluaga appeared before the district court later that day. A Pretrial Services report was submitted to the court during the pretrial detention proceedings. The report showed that Zuluaga had been arrested by the Santa Ana's Sheriff's Department and had been convicted of two felonies, "[c]onspiracy to commit a crime and sales of a narcotic controlled substance." He was sentenced to state prison for five years. Zuluaga's state prison number was listed. He was paroled on December 11, 1988. His parole was due to terminate on December 11, 1990. The Pretrial Services report did not set forth the county where the state judgment was entered, the date of the entry of judgment, nor did it specify the statutes that were violated, or the nature or quantity of the controlled substance.
 
 
 5
 On November 2, 1990, Zuluaga was charged in a three-count indictment with violations of 21 U.S.C. §§ 841, 846. Zuluaga pleaded not guilty on November 13, 1990. Trial was set for December 18, 1990.
 
 
 6
 On December 12, 1990, the parties reached a plea agreement. Zuluaga agreed to plead guilty to count one of the indictment. The Government agreed to dismiss the remaining counts. The prosecutor arranged with the court to schedule a change of plea hearing the next day. During the plea negotiations, the parties did not discuss amendment of the accusatory pleading to allege the prior conviction.
 
 
 7
 On the date set for the change of plea, the Government asked for a postponement until the end of the next day to allow it to determine whether to file a sentence-enhancement information. Phillip A. Trevino, Zuluaga's counsel, objected to the Government's motion. Trevino argued that the hearing should not be postponed because the Government could not demonstrate due diligence in attempting to obtain the facts regarding Zuluaga's prior conviction before the change of plea, because the prosecutor assigned to try this matter had been on notice of the prior conviction since November 17, 1990. The court postponed the change of plea proceedings until December 17, 1990.
 
 
 8
 Thereafter, Trevino made a motion for reconsideration. Trevino argued that because the Pretrial Services report gave the Government notice of Zuluaga's prior conviction on October 19, 1990, it did not act diligently in waiting almost two months to obtain the specific details of the judgment of conviction from state officials. The court denied the motion for reconsideration.
 
 
 9
 On the morning of December 17, 1990, the Government requested a further postponement until that afternoon in order to correct an error in the sentencing enhancement information. The court granted the motion.
 
 II.
 
 10
 Zuluaga contends that the district court erred in concluding that the Government exercised due diligence in attempting to obtain the facts necessary to allege the state court conviction prior to the date set for the change of plea. Pursuant to 21 U.S.C. § 851(a)(1),
 
 
 11
 [n]o person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court ... stating ... the previous convictions to be relied upon. Upon a showing by the United States attorney that facts regarding prior convictions could not with due diligence be obtained ... before entry of a plea of guilty, the court may postpone ... the taking of the plea of guilty ... for the purpose of obtaining such facts.
 
 
 12
 A district court's decision to grant or deny a continuance is reviewed for an abuse of discretion. United States v. Cuevas, 847 F.2d 1417, 1421 (9th Cir.1988), cert. denied, 489 U.S. 1012 (1989).
 
 
 13
 The record shows that the prosecutor assigned to try the case first learned of Zuluaga's prior conviction on approximately November 17, 1990. Between that date and December 13, 1990, the prosecutor directed the case agent to discover the precise nature of the prior conviction, the type of drugs involved, and the circumstances of the prior conviction. The case agent twice reported that the information had not been received from state court officials. The prosecutor's representations were uncontradicted. The district court found that the Government had exercised due diligence in attempting to obtain the facts necessary to file a sentence-enhancement information.
 
 
 14
 Zuluaga contends that because the trial prosecutor had constructive notice of the Pretrial Services report submitted at the arraignment and detention hearing on October 19, 1990, the Government did not act diligently in waiting until early December to obtain the facts regarding Zuluaga's prior conviction. We cannot say the district court clearly erred in finding otherwise.
 
 
 15
 The Pretrial Services report did not reveal the precise offenses for which Zuluaga was convicted, the court or county in which the state prosecution occurred, or the type or quantity of controlled substance involved. Thus, the report did not contain sufficient facts to plead a prior conviction. The original trial date in this matter was December 18, 1990. The record shows that the prosecutor commenced her efforts to obtain the facts necessary to plead a sentence enhancement in sufficient time to file an information before the scheduled trial date. The necessary facts were not received, although twice requested, prior to the change of plea hearing set for December 13, 1990, after a plea agreement was reached the day before. The requisite facts were obtained on December 17, 1990, one day prior to the original trial date, and before the guilty plea was taken. Under these circumstances, the district court did not abuse its discretion in postponing the taking of the plea of guilty.
 
 
 16
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3